UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**WESTERN HERITAGE INSURANCE COMPANY**, a foreign company,

    **Plaintiff,**

vs.

**VILLAS CAPRI ASSOCIATION, INC.** and **VALORIE HOPPENWORTH**, individually and as Trustee of the **WILLIAM HOPPENWORTH TRUST,**

    **Defendants.**

Case No. _____

## COMPLAINT FOR DECLARATORY JUDGMENT

By and through its undersigned counsel and pursuant to 28 U.S.C. § 2201, Chapter 86, Florida Statutes, and Rule 57 of the Federal Rules of Civil Procedure, Plaintiff Western Heritage Insurance Company sues defendants Villas Capri Association, Inc. and Valorie Hoppenworth, individually and as Trustee of the William Hoppenworth Trust, and seeks a declaratory judgment for purposes of determining a question of actual, immediate controversy among the parties and states as follows:

### PARTIES

1. At all times pertinent, Western Heritage Insurance Company ("Western Heritage") was, and still is, a corporation organized and existing under the laws of the State of Ohio with its principal place of business in Scottsdale, Arizona.

2. At all times pertinent, Villas Capri Association, Inc. ("Villas Capri") was, and still is, a Florida corporation with its principal place of business in Pinellas County, Florida.

1

3. At all times pertinent, Valorie Hoppenworth, individually and as Trustee of the William Hoppenworth Trust ("Hoppenworth") was, and still is, a Florida resident residing in Pinellas County, Florida.

4. Western Heritage issued Commercial General Liability Policy No. SCP074242 (the "Policy") to Villas Capri, with effective dates from March 13, 2009 to March 13, 2010 and limits of liability of $1,000,000 per occurrence and $2,000,000 general aggregate. A true and correct, complete copy of the Policy is attached as **Exhibit "A."**

5. On January 13, 2010, Hoppenworth sued Villas Capri in the lawsuit styled *Valorie Hoppenworth, individually and as Trustee of the William Hoppenworth Trust v. Villas Capri Association, Inc.*, Case No. 1000445CI, in the Circuit Court of the Sixth Judicial Circuit in and for Pinellas County, Florida (the "Underlying Lawsuit"). A copy of the complaint (the "Underlying Complaint") brought against Villas Capri in the Underlying Lawsuit is attached hereto as **Exhibit "B."**

6. On or about June 4, 2009, Western Heritage received notice of Hoppenworth's claim against Villas Capri via its receipt of a May 28, 2009, demand letter written to Villas Capri's Board of Directors by Hoppenworth's attorney. A copy of the demand letter is attached hereto as **Exhibit "C."**

7. The demand letter demanded Villas Capri to implement mold remediation pursuant to an agreed protocol, including removing wall covering down to affected framing, replacement of personal property damaged by water and mold, and reimbursement of costs of experts, inspectors, and attorneys retained.

8. Western Heritage declined coverage for Hoppenworth's claim in a letter dated January 25, 2010, because the damages for which Hoppenworth sought recovery occurred before the inception of the Policy. A copy of the letter declining coverage is attached hereto as **Exhibit "D."**

9. As the Plaintiff in the Underlying Lawsuit and claimant under the Policy, Hoppenworth is an interested and necessary party to this declaratory judgment action for a determination as to whether the Policy provides coverage for her claims and alleged damages that are the subject of the Underlying Lawsuit.

10. As a defendant in the Underlying Lawsuit and an insured under the Policy, Villas Capri is an indispensable and necessary party to this declaratory judgment action for a determination as to whether the Policy provides coverage for Hoppenworth's claims and alleged damages that are the subject of the Underlying Lawsuit.

## JURISDICTION AND VENUE

11. This Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because there is diversity of citizenship among the parties and, upon information and belief, the amount in controversy exceeds $75,000.00, exclusive of interest, attorney's fees and costs.

12. Venue is proper in the United States District Court for the Middle District of Florida pursuant to 28 U.S.C. § 1391 because a substantial part of the events and omissions giving rise to this claim occurred in this District and/or all defendants reside in the State of Florida and at least one resides in this District.

## NATURE OF THE CLAIM

13. This is an action for Declaratory Judgment pursuant to 28 U.S.C. §§ 2201-2202 and Chapter 86, Florida Statutes, for the purposes of determining the parties' rights and obligations, if any, relative to an insurance policy. An actual, immediate controversy exists among the parties regarding whether coverage is afforded under the Policy for the claim and damages that are the subject of the Underlying Lawsuit.

## THE INSURANCE POLICY

14. Western Heritage issued Policy No. SCP0742472 (the "Policy") to Villas Capri with effective dates from March 13, 2009, to March 13, 2010. A copy of the Policy is attached as **Exhibit "A"** and incorporated as if set forth herein.

15. The Insuring Agreement for Coverage A Bodily Injury and Property Damage Liability provides:

**1. Insuring Agreement**

   a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result....

   No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments – Coverages A and B.

   b. This insurance applies to "bodily injury" and "property damage" only if:
   (1) The "bodily injury" or property damage" is caused by an "occurrence" that takes place in the "coverage territory";

    (2)    The "bodily injury" or "property damage" occurs during the policy period; and

    (3)    Prior to the policy period, no insured listed under Paragraph 1. of Section II – Who Is An Insured and no "employee" authorized by you to give or receive notice of an "occurrence" or claim, knew that the "bodily injury" or "property damage" had occurred, in whole or in part. If such a listed insured or authorized "employee" knew, prior to the policy period, that the "bodily injury" or "property damage" occurred, then any continuation, change or resumption of such "bodily injury" or "property damage" during or after the policy period will be deemed to have been known prior to the policy period."

c.    "Bodily injury" or "property damage" which occurs during the policy period and was not, prior to the policy period, known to have occurred by any insured listed under Paragraph 1. of Section II – Who Is An Insured or any "employee" authorized by you to give or receive notice of an "occurrence" or claim, includes any continuation, change or resumption of that "bodily injury" or "property damage" after the end of the policy period."

d.    "Bodily injury" or "property damage" will be deemed to have been known to have occurred at the earliest time when any insured listed under Paragraph 1. of Section II – Who Is An Insured or any "employee" authorized by you to give or receive notice of an "occurrence or claim:

    (1)    Reports all, or any part, of the "bodily injury" or "property damage" to us or any other insurer;

    (2)    Receives a written or verbal demand or claim for damages because of the "bodily injury" or "property damage"; or

    (3)    Becomes aware by any other means that "bodily injury" or "property damage" has occurred or has begun to occur.

\* \* \*

16.    The Policy also is subject to a Fungi or Bacteria Exclusion, which provides:

    A.    The following exclusion is added to Paragraph 2. Exclusions of Section I – Coverage A – Bodily Injury and Property Damage Liability:

2. **Exclusions**

This insurance does not apply to:

**Fungi or Bacteria**

a. "Bodily injury" or "property damage" which would not have occurred, in whole or in part, but for the actual, alleged or threatened inhalation of, ingestion of, contact with, exposure to, existence of, or presence of, any "fungi" or bacteria on or within a building or structure, including its contents, regardless of whether any other cause, event, material or product contributed concurrently or in any sequence to such injury or damage.

b. Any loss, cost or expenses arising out of the abating, testing for, monitoring, cleaning up, removing, containing, treating, detoxifying, neutralizing, remediating or disposing of, or in any way responding to, or assessing the effects of, "fungi" or bacteria, by any insured or by any other person or entity.

This exclusion does not apply to any "fungi" or bacteria that are, are on, or are contained in, a good or product intended for bodily consumption.

\* \* \*

C. The following definition is added to the Definitions Section:

"Fungi" means any type or form of fungus, including mold or mildew and any mycotoxins, spores, scents or byproducts produced or released by fungi.

### UNDERLYING LAWSUIT

17. On January 13, 2010, Hoppenworth filed the Underlying Lawsuit against Villas Capri. A copy of the complaint (the "Underlying Complaint") brought against Villas Capri in the Underlying Lawsuit is attached hereto as **Exhibit "B."**

18. The Underlying Complaint alleges Villas Capri failed to timely and adequately perform repairs it was required to make to Hoppenworth's condominium unit. See Exhibit "B" ¶ 10.

19. The Underlying Complaint alleges that as a result of Villas Capri's failures, Hoppenworth's condominium unit has suffered property damage, "including water and mold damage." See Exhibit "B" ¶ 11.

20. The Underlying Complaint further alleges Hoppenworth "had repeatedly notified" Villas Capri of its obligations to perform the requisite repairs. See Exhibit "B" ¶ 9.

21. The Underlying Complaint does not specify when Hoppenworth first notified Villas Capri of such alleged failures.

22. However, it is undisputed that Hoppenworth first notified Villas Capri of the alleged failures before March 13, 2009, the inception date of the Policy.

## COUNT I - DECLARATORY JUDGMENT

23. Western Heritage adopts and incorporates by reference the allegations set forth in the preceding paragraphs above as though completely and fully set forth herein.

24. An actual and present controversy exists among the parties regarding whether the Policy provides coverage, for defense or indemnity, to Villas Capri for Hoppenworth's claims and alleged damages that are the subject of the Underlying Lawsuit.

25. All conditions precedent to filing this action have been performed or have occurred.

26. Western Heritage has no duty to defend and/or indemnify Villas Capri for property damage that occurred outside the policy period or about which Villas Capri had knowledge prior to the policy inception.

27. The damages to Hoppenworth's condominium unit occurred before March 13, 2009 – the inception date of the Policy. Additionally, Villas Capri was aware of the property damage to Hoppenworth's condominium before March 13, 2009, the inception date of the Policy.

28. Therefore, coverage for defense or indemnity is not triggered under the Insuring Agreement in the Policy for Hoppenworth's claims and damages asserted against Villas Capri in the Underlying Lawsuit.

29. Additionally, Western Heritage has no duty to defend and/or indemnify Villas Capri for property damage that would not have occurred, in whole or in part, but for existence or presence of mold.

30. The claims and damages alleged in the Underlying Lawsuit arise from property damage that would not have occurred, in whole or in part, but for the existence or presence of mold.

31. Therefore, even if the damages occurred during the policy period, the damages sought by Hoppenworth in the Underlying Lawsuit against Villas Capri are barred by the Fungi or Bacteria exclusion in the Policy.

32. Western Heritage reserves the right to amend its Complaint for Declaratory Judgment as additional and/or more specific information becomes available.

WHEREFORE, Plaintiff Western Heritage prays that this Honorable Court enter a judgment declaring that:

(a) Western Heritage has no duty to defend Villas Capri against the claims asserted against it in the Underlying Lawsuit;

(b) Western Heritage has no duty to indemnify Villas Capri for any judgment against it in the Underlying Lawsuit; and

(c) Western Heritage is entitled to an award of fees and costs in this action, along with any such further relief the Court deems appropriate.

Dated: **March 24, 2010.**

    Respectfully submitted,
    **PHELPS DUNBAR LLP**

    _/s/ _____
    PATRICIA A. MCLEAN
    Fla. Bar No. 0129143
    mcleanp@phelps.com
    BRIDGET REMINGTON
    Fla. Bar No. 660051
    bridget.remington@phelps.com
    **PHELPS DUNBAR LLP**
    100 South Ashley Drive • Suite 1900
    Tampa, Florida 33602-5311
    Telephone: (813) 472-7550
    Facsimile: (813) 472-7570
    **Counsel for WESTERN HERITAGE INSURANCE COMPANY**